Argued and submitted December 11, 1985, reversed and remanded November 12, 1986

## SMALL et ux,
*Respondents,*

*v.*

## SPENCER,
*Appellant.*

(121,080; CA A34206)

728 P2d 85

Donald M. Kelley, Silverton, argued the cause for appellant. With him on the brief was Kelley & Kelley, Silverton.

Norman F. Webb, Salem, argued the cause for respondents. With him on the brief was Webb & Martinis, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This proceeding involves a controversy between two adjoining neighbors over the ownership of a narrow triangular strip of real property about 242 feet long (north-south) and 30 feet wide (east-west) at the base. The trial court concluded that the evidence pertaining to adverse possession did not resolve the case, but held that plaintiffs had established their "right to possession" based on the "chain of title evidence." Defendant appeals, contending that, on the basis of her record title, she is the fee simple owner of the disputed parcel. We agree and reverse.

The dispute centers on the location of the parties' boundary line. Plaintiffs contend that the line runs due north-south, while defendant asserts that it is perpendicular to the east-west highway which forms the northern boundary of the parties' property. The result is the emergence of a triangular strip.

Plaintiffs purchased their property in 1950 from Allaway. Defendant acquired her title in March, 1955, from Welter, who had, in turn, acquired the parcel in 1945. In March, 1947, plaintiffs' grantor, Allaway, had executed a quitclaim deed to Welter, relinquishing any interest in the Welter parcel. The deed described the boundary as perpendicular to the highway and thus gave Welter title to what has become the disputed triangle. Because Welter had undisputed ownership of the triangle in 1947 and still owned it when plaintiffs purchased their property from Allaway in 1950, plaintiffs could not have acquired any interest in it at that time.

Plaintiffs argue that they obtained title from a flurry of quitclaim deeds to Welter in February, 1955, immediately before the Welter deed to defendant. They argue that the purpose of the three 1955 deeds was to change the disputed boundary line from the perpendicular line described in the 1947 deed. Defendant, on the other hand, asserts that the purpose of the 1955 deeds was to settle a separate dispute over an eight-foot overlap. An examination of the deeds reveals nothing to indicate that they were meant to correct the line. Further, Mrs. Welter, Mr. Welter's survivor, would have to have given up property that she had acquired by the 1947 quitclaim in order to reestablish a boundary. She did not

transfer any property through those transactions; she was a grantee and received property. We conclude that the quitclaim deeds did not change the boundary in question. Thus, Welter retained ownership of the triangle.

Plaintiffs next contend that they acquired title to the triangle by virtue of a 1983 quitclaim deed by which Mrs. Welter (now Gans) released her interest in the triangle to plaintiffs. Obviously, in order for plaintiffs to have acquired title by that deed, Gans would have to have owned the property in 1983. She did not. It is true that the 1955 deed from Gans to defendant described the property in a way which excluded the disputed triangle. However, the law is settled that, if there is a question as to whether a narrow strip of land has been conveyed with a larger parcel, the courts presume that the grantor did not intend to retain title to the strip when conveying abutting land. *Hurd v. Byrnes,* 264 Or 591, 598, 506 P2d 686 (1973); *State ex rel Dept. of Trans. v. Tolke,* 36 Or App 751, 586 P2d 791 (1978). There is no evidence that Welter owned property abutting the triangle, nor was there language in the deed reserving to her any interest in the strip. On the basis of the aforementioned presumption, we hold that Welter's intent was to convey all that she owned, rather than to retain an interest in the triangle. Because she did not own the property in 1983, she could not have deeded it to plaintiffs.

Reversed and remanded.